# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**CHRISTOPHER EVERETT**
**ADC #152664**                                               **PLAINTIFF**

v.                     No. 3:20-cv-197-DPM-PSH

JEREMY ALMAN, Sergeant, North Central
Unit, ADC;  ALEXANDER DELGADO,
Corporal, North Central Unit, ADC;
IAN WARD, Sergeant, North Central
Unit, ADC;  THANE HUYARD, Sergeant,
North Central Unit, ADC;  CODY BRUYETTE,
Corporal, North Central Unit, ADC;
KENNETH MOSS, Sergeant, North Central Unit,
ADC;  KEITH DAY, Major, North Central Unit, ADC;
NURZUHAL FAUST, Warden, Arkansas
Department of Correction;  ALEC WILBUR,
Sergeant, North Central Unit, ADC;  KEVIN
HOLT, Corporal, North Central Unit, ADC;
DAVID FOSTER, Lieutenant, North Central Unit,
ADC;  RONALD GILLIHAN, Captain, North Central
Unit, ADC;  DEXTER PAYNE, Director, Pine
Bluff, ADC;  and RICHARD COHOON,
Sergeant, North Central Unit, ADC              **DEFENDANTS**

## ORDER

1. On *de novo* review, the Court adopts Magistrate Judge Harris's partial recommendation, *Doc.* 42, as supplemented and overrules Defendants' objections.  FED. R. CIV. P. 72(b)(3).

**2.** Defendants argue that Everett didn't sufficiently plead each Defendant's involvement. Rule 8 requires a short and plain statement of the facts; and Everett pleaded with admirable concision. Magistrate Judge Harris's reading of the complaint as to each Defendant's involvement gives it the liberal construction the law requires. *Doc. 42 at 5–6.* Discovery will fill in the details.

**3.** Defendants also argue that they're entitled to qualified immunity on Everett's claims. That may be the case on a full summary judgment record. At this early stage, though, dismissal is appropriate only if there's no set of facts Everett could prove that would entitle him to relief. *Bradford v. Huckabee*, 330 F.3d 1038, 1040–41 (8th Cir. 2003). That's not the case here. For example, Everett's claim about Alman threatening to sexually assault and tase him is thin; and discovery may show that Alman had no means of carrying out that threat. *Compare Burton v. Livingston*, 791 F.2d 97, 100–01 (8th Cir. 1986). But that's not apparent from the face of the complaint and the reasonable inferences the Court must draw from it.

**4.** A supplement on Everett's claim that Ward, Bruyette, and Huyard told him to hang himself and threatened to have someone rape and stab him if he didn't. The verbal-threat precedent is an imperfect fit for these alleged facts. But it's clear that, in certain cases, the type of verbal harassment that Everett alleges can violate the Eighth

Amendment. *E.g., Olson v. Bloomberg*, 339 F.3d 730, 736–37 (8th Cir. 2003); *Lisle v. Welborn*, 933 F.3d 705, 717–19 (7th Cir. 2019). Again, at this early stage, the Court can't say that there's no set of facts Everett could prove that would overcome qualified immunity and entitle him to relief.

\* \* \*

Motions to dismiss, *Doc. 30 & 37*, partly granted and partly denied. Everett's official capacity claims for damages are dismissed with prejudice. His claims about appearance-related comments from Alman, Ward, Delgado, Huyard, and Bruyette are dismissed without prejudice. His remaining claims go forward. Everett's motions for a ruling, *Doc. 49–51*, are denied as moot. The Court addresses pending matters as promptly as it can, and there's no need for Everett to file such motions in the future. The Court also notes the suggestion of Defendant Alman's death in October 2020. *Doc. 47*. The Court requests Magistrate Judge Harris to address this issue in due course.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

24 March 2021